JUDGE PRYOR
delivered the opinion op the. court.
It is evident from the. language, of the first section of art. 4, chap. 12, General Statutes, that the accused is entitled, as a matter of right, to have the venue changed from the county in which the crime is alleged to have been committed to an adjoin *238 ing county, upon his petition, verified by his affidavit, and the affidavits of two credible persons who are acquainted with the state of public opinion, to the effect that he can not have a fair trial in the county where the prosecution is pending. "When the petition with the affidavits is filed no testimony will be heard by the court on the part of the Commonwealth tending to controvert the statements of the petition. The venue must be changed, and to an adjacent county to which there is no valid objection. Whether or not the objection made by the accused, to the county where the prosecution is to be had, is a valid objection, may be determined by the court upon the evidence before it, both on the part of the Commonwealth and the accused. The accused, being entitled as a matter of right to a change of venue from the county in which he is charged to have committed the offense, may still object to an adjoining county, upon the ground that he can not have a fair and impartial trial. The statute then provides that if objections are talcen cmd sustained to all the adjoining counties, then the change is to be made to the nearest county to which there is no valid objection. There is no provision of the statute by which the Commonwealth can object to a change of the prosecution from the county in which the indictment is found. The law is imperative on the court when the application is made as provided by the statute. Not so with an adjoining county. The court has the power to remove the prosecution to an adjoining county unless there is some valid objection, and in order to determine this fact may hear proof, and if objections are taken and sustained the prosecution must go to some other county.
The language used with reference to objections made to adjoining counties leaves but little doqbt as to the meaning of the legislature. A prejudice is more likely to exist against a party in the place or county where the crime is said to have been committed by him than in an adjoining county or localities more remote, and therefore the accused is allowed to make out *239 his own case without even a cross-examination on the part of the state; but when objection is made to a county where the court proposes to send the case, the objection must be a valid one, and the court can hear proof on this point. Such was the manifest intention of the law-making power.
Perceiving no error to the prejudice of the accused, the judgment must be affirmed.