CASE 17—CHANGE OF VENUE—MAY 15, 1884.

## Johnson v. The Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

1. When an application for a change of venue in a criminal cause is made in good faith, and the evidence shows that there are reasonable grounds to believe that the defendant can not have a fair trial in the county where the offense is committed, it is the duty of the court to grant such change.

Johnson v. The Commonwealth.

2. The adoption of the amendment of *April* 1, 1880, makes it no less the duty of the court now as before its adoption, to make the order, if, from the weight of the evidence, the defendant is entitled to the change.

3. The evidence clearly authorized the court to make the order.

4. It was not competent to permit the brother of appellant to detail the particulars of the alleged whipping inflicted upon him by the deceased Richards, in the absence of appellant particularly, as the proof shows that appellant knew nothing about it for several days after it occurred.

T. A. FRAZER, THEO. B. BLAKEY, AND E. W. HINES FOR APPELLANT.

1. The court erred in refusing appellant's application for a change of venue upon the ground that he could not obtain a fair trial in the county of Logan.

2. The preponderance of evidence is clearly in favor of the change.

3. The amendment of *April*, 1880, makes no change as to the duty of the court. It is the duty of the court to determine from the evidence whether appellant is or not entitled to the change. The evidence is overwhelming in favor of the change.

4. The court erred in refusing to permit Mr. Johnson, the brother of appellant, to state the details of the whipping decedent gave him a short time before the killing.

No brief for appellee.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant having been indicted at the February term, 1882, of the Logan circuit court for the murder of George Richards, was at the February term, 1884, tried and convicted, and his punishment fixed at death.

The first error complained of that it is necessary to notice is the order of court overruling his application for a change of venue.

In his petition, verified by affidavit, he stated that on account of the prejudice of the people of Logan county against him he could not have a fair and impartial trial there. Accompanying his petition were filed affidavits of nine persons, not of kin to nor of counsel for the defendant, including the judge of the county

court and the county attorney, in which they stated: they were acquainted with the state of public opinion in. that county, and believed the statements of appellant's. petition for such change of venue were true.

The judge of the county court, in his affidavit, stated. that he was impressed with the necessity of removing· appellant from the jail of Logan county, in order to· prevent violence being done him by a mob, by the feel-- ing then prevailing in that community that such violence was liable to occur. He stated that he had no· evidence of the intention of any one to commit such violence, but there was an intangible and indefinite· feeling of danger pervading the community, and he· assumed the responsibility of removing appellant on that account.

In his affidavit the county attorney stated that he had heard appellant's case discussed by men from all parts. of the county, and was satisfied he could not have a fair trial there owing to the prejudice against him. He stated that the principal ground for his belief was the fact that about two months previous to the term of court at which appellant was tried and convicted, a mob took two negroes from the jail and hung them, and it was complained throughout the county that the mob did not complete its work, and that it ought to have. hung appellant, who was in jail at the time.

Previous to the amendment of the General Statutes, the defendant in a criminal prosecution was entitled to a change of venue as a matter of right from the county in which the crime was alleged to have been committed to an adjoining county, upon his petition, verified by· his affidavit and the affidavit of two credible persons:

acquainted with the state of public opinion, to the effect that he could not have a fair trial in the county where the prosecution was pending. Michey v. Commonwealth, 13 Bush, 237.

But by an act approved April 1, 1880, subsec. 2 of sec. 1, art. 4, chap. 12, has been amended by adding the following, viz: "And the court shall on said motion hear all witnesses that may be produced by either party, and from the evidence determine whether or not the applicant is entitled to a change of venue."

In this case, as he was authorized to do by the act just quoted, the Commonwealth's attorney called and examined seven (7) witnesses, who stated, in substance, that they were acquainted with the state of public sentiment in different portions of the county in reference to appellant, and knew of no reason why he could not have a fair and impartial trial in that county in the ordinary and legal way of selecting a jury.

The Legislature did not intend by the amendment to the General Statutes to deprive a defendant in a criminal prosecution of the right to a change of venue when it is necessary, or even probably necessary, to a fair and impartial trial, but the object of it was simply to give to the court the right to hear evidence against as well as in favor of the application, and in the language of the law, "from the evidence determine whether or not the applicant is entitled to a change of venue."

Where the application is made in good faith, and it appears from the evidence that there are reasonable grounds to believe that the defendant can not have a fair trial in the county where the offense was committed, it is as much the duty of the court now as it

was before the adoption of the amendment to make an order for such change.

In addition to the sworn statements of seven credible and disinterested witnesses, who state affirmatively and without qualification that appellant could not have a fair and impartial trial in Logan county, two officers of the county, the county judge, and county attorney, who are presumed to be acquainted with public sentiment, not only give as their opinions, but state such facts as make it obvious that appellant could not have a fair and impartial trial in that county.

In an opinion, therefore, appellant was clearly entitled to a change of venue, notwithstanding the statements made by the witnesses introduced by the Commonwealth, which were merely negative in their character, and the court erred to the prejudice of appellant's substantial rights in overruling his application.

The court did not, in our opinion, err in refusing to permit John Johnson, the brother of appellant, to detail the particulars of the alleged whipping inflicted upon him by the deceased Richards, in the absence of appellant.

There is no evidence before us showing, or conducing to show, that the killing was done in the necessary self-defense of appellant, and as the record now stands, it was either murder or manslaughter.

Mrs. Welch, the sister of appellant, was permitted by the court to state all that occurred between herself and appellant when he arrived at her house after an absence of several days from the neighborhood, and all that she then told him in relation to the whipping of their brother by the deceased. As according to her

statement, appellant became greatly enraged and excited when informed by her of the occurrence, and went from her house immediately and directly to the tobacco barn where he, without any altercation or delay, shot and killed Richards, the only knowledge he had in regard to the whipping must have been derived from his sister. And as the heat and passion under which it is contended for him he took the life of deceased, was caused solely by the whipping of his brother, as narrated to him by his sister, it was not competent, because not pertinent, for his brother on the trial to detail the particulars of the whipping as it actually occurred.

"The provocation which extenuates in the case of homicide must be something which the man is conscious of, which he feels and resents at the instant the fact which he would extenuate is committed, not what time or accident may afterwards bring to light." Roscoe's Criminal Evidence, 737.

Appellant was not influenced to kill deceased by the whipping of his brother as it actually occurred, for he was not present, but all the previous knowledge he had in regard to it he derived from his sister, and consequently, whatever consciousness he had on the subject or feelings aroused were caused by her recital of the occurrence to him.

We do not deem it necessary to notice other errors complained of, but for the reason indicated the judgment must be reversed, and cause remanded with directions to grant to defendant a new trial, and for an order changing the venue, and further proceedings consistent with this opinion.